**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-6965**

ROMAN DALACIO PERDONO,

Petitioner - Appellant,

v.

FELIX TAYLOR; ROBERT C. LEWIS,

Respondent - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:12-hc-02304-FL)

Submitted: December 14, 2023                    Decided: December 19, 2023

Before GREGORY and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Roman Dalacio Perdono, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roman Dalacio Perdono seeks to appeal the district court's order dismissing his 28 U.S.C. § 2254 petition as time-barred. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on February 25, 2014. Perdono filed the notice of appeal on September 3, 2023.[*] Because Perdono failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Perdono could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).